The action was brought by the Times Publishing Company, of Richmond, Va., to recover of the defendant company upon an alleged contract as follows: "22 May, 1890.
"J. A. SMITH, ESQ.,
"The Times, Richmond, Va.
"DEAR SIR: — You are hereby authorized to place ($1,000) one thousand dollars worth of advertising for our company in The Times and display to best advantage. The advertisement to appear on the 29th in your large unveiling edition, and to be continued to the best advantage, including editorial and local letters from this point. Payment to be made in fully paid-up stock of our company, and the stock is hereby guaranteed to be worth par inside of one year from date. Judging from what we have done in iron-making and what is to be done in steel-making, we can declare 25 per cent dividend on the stock (225) annually. From the proceeds of the sale of town lots a further dividend will accrue to the stock. Yours truly, "J. J. NEWMAN, "General Manager."
The plaintiff introduced testimony tending to support its contentions as alleged in the complaint; specially that the stock was not worth par during the time covered by contract, to wit, from one year from date of contract and one year after stock issued.
The defendant introduced testimony tending to support its contentions as alleged in its answers.
Among the plaintiff's witnesses was one Cartland, who testified "that as to the market value of the stock from 22 May, 1890, to 21 May, 1891, I am not acquainted; don't know what it was worth in May, 1891; it may have been worth par in May, 1891, so far as I know."
Plaintiff then proposes to prove by said witness Cartland that the stock of defendant has no market value now and has not had for the past eighteen months; this was offered as substantive evidence and corroborative of evidence of other witnesses as to the value of the stock inside of twelve months, which, upon objection by defendant, was excluded by his Honor, and plaintiff excepted.
His Honor then submitted the following issues to the jury without objection: *Page 142 
1. Was the stock of the defendant company admitted to have been delivered to plaintiff on 18 April, 1891, worth par at that date?
2. Was the stock of defendant worth par inside of one year from date of the alleged contract, to wit, 22 May, 1890?
3. Is the defendant indebted to the plaintiff, and if so, what (226) amount is plaintiff entitled to recover?
The plaintiff contended that the proper construction of the contract was that the words "inside of one year from date" meant one year from date of delivery of the stock, and in his instructions to the jury his Honor held that the proper construction was one year from the date of the contract, to wit, 22 May, 1890, to which plaintiff excepted.
His Honor instructed the jury that if they answered the first issue in the affirmative they need not answer the other issues, to which there was no exception.
The jury found the first issue in the affirmative and did not pass on the other issues. There was judgment for the defendant, and plaintiff appealed, assigning for error the exclusion of the testimony and the ruling of his Honor as to the construction of the contract, as excepted to above.
The construction put upon the letter of the manager of defendant company seems to us to be the proper one. It construes the words of the writer most strongly against him. He was endeavoring to induce the plaintiff to enter into a certain contract upon the representation and guaranty that the stock of his company would be worth par within a year "from date." The danger of becoming liable on this guaranty was greater if the date of the letter was meant than it would be if the date of the completion of the work and the issuing of the stock was intended as the limit of time from which to complete the period during which the guaranteed fact would occur. Such must have been, we think, the understanding of the parties, and subsequent (227) events cannot change their contract. His Honor properly excluded evidence as to the market value of the stock after the lapse of the period fixed in the letter — twelve months from its date. To have allowed such evidence to be introduced would have opened perhaps a wide field of investigation and discussion in regard to the causes of the decline in value, and could not possibly have aided the jury in determining the issues submitted to them.
No error. *Page 143